UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

TATUYOU LLC,

        Plaintiff,

v.

ONE INK SEVEN LLC,

        Defendant.

Civil No. 22-2562 (JRT/DLM)

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS**

---

Dustin R. DuFault, **DUFAULT LAW FIRM P.C.**, P.O. Box 1219, Minnetonka, MN 55345, for plaintiff.

Erin Emory and Holley C. M. Horrell, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402; Michael H. Michmerhuizen, BARRETT **& MCNAGNY LLP,** 215 East Berry Street, Fort Wayne, IN 46802, for defendant.

Plaintiff Tatuyou, LLC, brings this action against Defendant One In Seven, LLC ("OIS"), alleging breach of contract stemming from a Settlement Agreement the parties entered into to resolve a patent infringement lawsuit. Tatuyou alleges that OIS breached the Agreement by manufacturing and selling products that violate the Agreement's particle size requirement for OIS stencil ink products. OIS has filed a motion to dismiss this action, arguing Tatuyou failed to plead that the OIS product in question had the wrong particle size at the time it was manufactured. Because the Court finds that Tatuyou has sufficiently alleged that

OIS violated the Agreement based on post-manufacturing testing of the product, the Court will deny OIS's Motion to Dismiss.

## BACKGROUND

Tatuyou and OIS are each in the business of making and selling products for the tattoo industry. (1st Am. Compl. ¶¶ 1–2, 4, at 5–6, Oct. 13, 2023, Docket No. 1-2.) On March 12, 2021, the parties entered into a signed Settlement Agreement in connection with a lawsuit filed by Tatuyou against OIS. (*See* 1st Am. Compl., Ex. A ("Settlement Agreement"), at 11.) Tatuyou previously sued OIS for infringement of a patent related to the manufacture, use, and sale of a substance that could be used by an ink jet printer to create tattoo transfer patterns. (*Id.*) As part of the Settlement Agreement, the parties agreed to the following relevant language in paragraph 5:

> Stencil Ink Products.  OIS represents, and agrees, that any of its stencil products, when manufactured, have or will have particles greater than 25 microns therein.

(Settlement Agreement at 12.)  In March 2022, Tatuyou accused OIS of breaching paragraph 5 of the Settlement Agreement by producing stencil ink products that do not have particles greater than 25 microns.[1] (1st Am. Compl. ¶¶ 9–11, at 7.) Tatuyou submitted with its Complaint an analysis performed on an OIS stencil ink product that

---

[1] A micron is a unit of measurement.  In this instance, it is measuring the size of the particles that compose the ink.

allegedly shows it does not contain any particles greater than 25 microns. (1st Am. Compl., Ex. B ("ISO Particle Size Analysis"), at 16.)

Tatuyou brought a breach of contract claim in Minnesota state court and OIS subsequently removed to federal court. (Notice of Removal, Oct. 13, 2022, Docket No. 1.) Tatuyou does not challenge removal and the Court has diversity jurisdiction over the dispute. OIS moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6).

## DISCUSSION

### I. STANDARD OF REVIEW

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court considers all facts alleged in the Complaint as true to determine if the Complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court construes the Complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a Complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility

standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At the motion to dismiss stage, the Court may consider the allegations in the Complaint as well as "those materials that are necessarily embraced by the pleadings." *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). The Court may also consider matters of public record and exhibits attached to the pleadings, as long as those documents do not conflict with the Complaint. *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999).

**II.   ANALYSIS**

OIS challenges whether Tatuyou has properly alleged a breach of contract. Specifically, OIS argues that Tatuyou has not properly alleged that the OIS product at issue did not have particles measuring more than 25 microns when they were **manufactured**, as opposed to when they were **tested** by Tatuyou.

The Court concludes that the Complaint has sufficient plausible facts to properly allege the breach of contract claim. OIS's argument implies that the product was in compliance with the Settlement Agreement when it was manufactured and that the particles could have decreased in size after production, but OIS does not explain how that could be the case. Moreover, it is not clear how long after being manufactured the product was tested. But even if it was a significant amount of time, that Tatuyou claims to have evidence of the particle sizes supports a reasonable inference that OIS is manufacturing products in violation of the Agreement.

Tatuyou requests leave to file an amended complaint if the Court finds the operative Complaint to be deficient.  But any amendment to the Complaint is unnecessary, as the current Amended Complaint has sufficient facts to support Tatuyou's allegation and the Court may reasonably infer that the size of the particles' diameter has not significantly changed.  Therefore, the Court will deny the motion to dismiss.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 12] is **DENIED**.

DATED:  April 26, 2023  
at Minneapolis, Minnesota.

                                                    JOHN R. TUNHEIM  
                                                    United States District Court