UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TATUYOU LLC, | |
| Plaintiff, | Civil. No. 22-2562 (JRT/DLM) |
| v. | |
| ONE INK SEVEN LLC, | MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS |
| Defendant. | |

---

Dustin R. DuFault, **DUFAULT LAW FIRM, P.C.**, P.O. Box 1219, Minnetonka, MN 55345, for Plaintiff.

Erin Emory, Benjamin L. Larson, Sybil L. Dunlop, and Holley C. M. Horrell, **GREENE ESPEL PLLP**, 222 South Ninth Street, Suite 2200, Minneapolis, MN 55402; Michael H. Michmerhuizen and Benjamin D. Ice, **BARRETT & MCNAGNY**, 215 East Berry Street, Fort Wayne, IN 46802, for Defendant.

Plaintiff Tatuyou LLC ("Tatuyou") and Defendant One Ink Seven LLC ("OIS") are competitors in the tattoo product market and frequent litigation adversaries. This action originated out of an alleged violation of settlement terms from prior patent infringement allegations. Despite this case having progressed through the close of discovery, Tatuyou now asks the Court to dismiss the action without prejudice because its sole remaining member, Donna Dearinger, has suffered significant personal loss and has serious health issues. Because the case is ripe for a decision on the merits, the Court will deny Tatuyou's Motion for Voluntary Dismissal.

**BACKGROUND**

Tatuyou and OIS are competitors in the manufacture and distribution of tattoo products. (Notice Removal, Ex. 2 ("Am. Compl.") ¶¶ 1–2, 4, Oct. 13, 2022, Docket No. 1.) Prior to this action, Tatuyou had accused OIS of infringing stencil ink product patents. (Am. Compl. ¶ 6, Ex. A ("Settlement Agreement") ¶ A(2).) The parties reached a Settlement Agreement in the patent infringement case whereby the claims would be dismissed with prejudice and OIS would only manufacture stencil ink products within specific parameters. (Settlement Agreement ¶ B(5); Am. Compl. ¶¶ 8–9.) This action arose because Tatuyou alleges that OIS has violated paragraph B(5) of the Settlement Agreement by manufacturing stencil ink products outside the specified metrics. (Am. Compl. ¶¶ 10–11.)

Tatuyou originally filed its complaint in Minnesota state court, and OIS timely removed it based on diversity jurisdiction. (Notice Removal ¶ 7.) OIS then moved to dismiss for failure to state a claim. (Def.'s Mot. Dismiss, Nov. 17, 2022, Docket No. 12.) The Court denied OIS's motion. *Tatuyou LLC v. One Ink Seven LLC*, No. 22-2562, 2023 WL 3094368, at *2 (D. Minn. Apr. 26, 2023). The Court set a pretrial schedule, and the parties began conducting discovery. (Pretrial Scheduling Order, June 15, 2023, Docket No. 34.)

The parties stipulated to modify the scheduling order and delay all deadlines by 90 days to allow Donna Dearinger, one of two members of Tatuyou, to mourn the unexpected passing of her husband Russell Blette, the other member of Tatuyou. (1st Stipulation to Modify Scheduling Order, Nov. 9, 2023, Docket No. 39.) The parties

requested additional extensions of scheduled deadlines to engage in settlement discussions. (2nd Stipulation to Modify Scheduling Order, Apr. 30, 2024, Docket No. 57.) OIS later filed a motion for summary judgment, but the Court dismissed that motion as premature. (Order, May 20, 2024, Docket No. 61.)

Now, Tatuyou seeks to voluntarily dismiss this case without prejudice. (Pl.'s Mot. Dismiss Voluntarily, Sept. 10, 2024, Docket No. 62.) Tatuyou provides three personal circumstances of its only remaining member, Dearinger, as the basis for its voluntary dismissal: the death of Dearinger's husband, the death of Dearinger's sister, and the recent cancer diagnosis and treatment of Dearinger herself. (Decl. Donna Dearinger ¶¶ 3–5, Sept. 10, 2024, Docket No. 64.) At the time the motion was filed, every deadline in the scheduling order had passed except for the dispositive motion deadline, which was September 30, 2024. After Tatuyou filed its motion to voluntarily dismiss, OIS filed, and the Magistrate Judge granted, a motion to extend the deadline for dispositive motions to 30 days after the Court ruled on the pending motion to voluntarily dismiss. (Order, Sept. 23, 2024, Docket No. 74.)

### DISCUSSION

### I. STANDARD OF REVIEW

A plaintiff may voluntarily dismiss an action after the defendant has served an answer or motion for summary judgement "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Unless otherwise specified, a dismissal under Rule 41(a)(2) is without prejudice. *Id.* A dismissal under Rule 41(a)(2), though, is not one

of right but one of discretion of the district court. *Great Rivers Co-op of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999). "The purpose of Fed. R. Civ. P. 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987).

In considering a motion to dismiss under Rule 41(a)(2), courts usually consider the reason for bringing the motion, whether judicial time and resources would be wasted, and any prejudice to the defendants. *United States v. $32,820.56 in U.S. Currency*, 838 F.3d 930, 937 (8th Cir. 2016). A party is not permitted to voluntarily dismiss an action only to escape an adverse decision or pursue resolution in a more favorable forum. *Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999).

**II.   ANALYSIS**

Tatuyou argues three reasons that justify voluntary dismissal: the unexpected death of Dearinger's husband, the death of Dearinger's sister, and the cancer diagnosis and treatment of Dearinger herself. However, the anticipated summary judgment motion would predominantly require involvement by counsel, so Dearinger's personal circumstances do not directly translate to Tatuyou's inability to prosecute its case. Dearinger's involvement may be necessary for limited strategic or settlement decisions, but she would not need to participate extensively in summary judgment. Tatuyou's capacity to defend against the summary judgment motion is further supported by its third case currently pending in Minnesota state court. Indeed, Tatuyou informed the Court that it could prosecute the state court action because it required little involvement by

Dearinger. The Court fails to see how at its current posture this case would be any different. While the Court is certainly sympathetic to the difficulties Dearinger is currently facing, the Court finds that the proffered reasons for dismissal do not weigh significantly in favor of granting voluntary dismissal.

To the contrary, dismissal at this stage would undoubtedly waste judicial time and resources. Litigation has been ongoing for nearly three years. This case is no longer in the pleadings or early discovery phase, when dismissal without prejudice would be more appropriate. *See Thatcher v. Hanover Ins. Grp.*, 659 F.3d 1212, 1214 (8th Cir. 2011). *Cf. Jahnke v. R.J. Ryan Constr., Inc.*, No. 13-962, 2014 WL 4639831, at *8 (D. Minn. Sept. 16, 2014) ("[T]he Court finds that significant judicial time and effort has not yet been expended on this case, as the case is still at the pleading stage."). In fact, the only remaining stages are summary judgment and trial, so the potential waste of judicial resources weighs in favor of denying Tatuyou's motion.

Dismissal would also prejudice OIS. OIS has invested years of resources into this litigation that is approaching final resolution. To dismiss without prejudice at this stage would potentially require duplicative work should Tatuyou revive the case. But even more significantly, OIS would remain under a cloud of uncertainty over its business practices. *See Paulucci*, 826 F.2d at 783 (describing that ongoing uncertainty over a title to land constituted prejudice). Accordingly, OIS is at risk of suffering prejudice, so that factor supports denying Tatuyou's motion.

Weighing all three factors, the Court finds voluntary dismissal at this late stage of the litigation would be inappropriate. The Court will therefore deny Tatuyou's Motion for Voluntary Dismissal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal [Docket No. 62] is **DENIED**.

DATED: June 2, 2025
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge